**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Shemekia Glover, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 19 CV 03738 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Officer Blake Upmann, *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

Defendants Officer Blake Upmann, Officer David Mordt, and the City of Freeport moved to stay deposition discovery [37]. Plaintiff Shemekia Glover filed a response [45], and Defendants filed a reply [48]. For the following reasons, Defendants' motion to stay deposition discovery [37] is granted.

## I. BACKGROUND

This civil action arises from the tragic death of nine-year-old R.D.D. Plaintiff is the mother of R.D.D. According to the first amended complaint, R.D.D. was at a residence in Freeport, Illinois on the night of July 15, 2018 and the early morning of July 16, 2018. Dkt. 13-1 at 2. Robert Davidson, the father of R.D.D., and Antoinette Fane were at the residence. Dkt. 54. Defendants Upmann and Mordt of the Freeport Police Department were dispatched to the residence for a welfare check after a neighbor reported possible domestic abuse of a child. Dkt. 13-1 at 2–3. Defendants left the residence, but about 1.5 hours later, another 911 call was placed for emergency assistance. *Id.* at 3–4. Emergency assistance was unable to resuscitate R.D.D. who was pronounced dead shortly thereafter. *Id.* at 4.

Plaintiff brought this civil action on June 4, 2019 against Defendants Upmann, Mordt, and the City of Freeport, alleging their failure to adequately follow up on the domestic abuse call. Dkt. 1. Davidson and Fane were indicted in Stephenson County, Illinois on December 10, 2019. Dkt. 37 at 1. On January 28, 2020, Defendants filed a third-party contribution claim against Davidson and Fane, alleging that Davidson and Fane are liable for R.D.D.'s death. Dkt. 54. Defendants now move to stay deposition discovery in this civil proceeding until the conclusion of the criminal proceedings against Davidson and Fane.

## II. DISCUSSION

The Court has inherent powers to stay discovery in a civil action if the interests of justice require it. *See Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008); *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005). The Seventh Circuit has explained:

> [A] stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice." The very fact of a parallel criminal proceeding, however, d[oes] not alone undercut [a defendant or claimant's] privilege against self-incrimination, even though the pendency of the criminal action "force[s] him to choose between preserving his privilege against self-incrimination and losing the civil suit."

*United States v. Certain Real Prop., Commonly Known as 6250 Ledge Rd., Egg Harbor, Wis.*, 943 F.2d 721, 729 (7th Cir. 1991) (quoting *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983)) (internal citations omitted). To determine whether special circumstances exist to stay a civil action when there is a pending criminal action, the Northern District of Illinois has fashioned slightly varying lists of factors to consider. Defendants and Plaintiff cite different lists, but the following combines all the principles courts consider:

> (1) the extent to which the issues in the criminal and civil matters overlap and whether the government initiated both proceedings; (2) the posture of the criminal proceedings; (3) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (4) the burden which any particular aspect of the proceedings may impose on defendants; (5) the convenience of the court in the management of its cases, and the efficient use of judicial resources; and (6) the interests of persons not parties to the civil litigation and of the public in pending civil and criminal litigation.

*United States v. All Meat & Poultry Prod.*, No. 02 C 5145, 2003 WL 22284318, at *2 (N.D. Ill. Oct. 3, 2003) (collecting cases). The Court will proceed to examine each factor.

### 1. Overlap of issues and governmental involvement

If the Government is involved in both the civil and criminal proceedings, "there is a danger that the government may use civil discovery to obtain evidence and information for use in its criminal prosecution, and by doing so, circumvent the Fifth Amendment rights against self-incrimination." *Cruz v. Cty. of DuPage*, No. 96 C 7170, 1997 WL 370194, at *3 (N.D. Ill. June 27, 1997). This concern is not present in this case because while the city of Freeport is a party in the civil proceeding, the state of Illinois is not. *See Salcedo v. City of Chicago*, No. 09-CV-05354, 2010 WL 2721864, at *2 (N.D. Ill. July 8, 2010) (distinguishing the city of Chicago from the state of Illinois).

Despite the Government's lack of involvement in the civil matter, there is certainly an overlap of issues in the criminal and civil matters. Plaintiff argues that the civil action focuses on Defendants' conduct in responding to the call regarding possible child abuse while the criminal

actions focus on Davidson's and Fane's conduct inside the residence. Plaintiff's attempt to distinguish the civil and criminal cases however overlooks the third-party complaint, which squarely places Davidson and Fanes conduct inside the house directly at issue. In the criminal cases, Davidson and Fane are alleged to be criminally liable for causing R.D.D.'s death. In this civil case, Defendants filed a third-party complaint against Davidson and Fane, alleging that they are civilly liable for R.D.D.'s death. *See* Dkt. 54. Plaintiff cannot state that there is no overlap of issues by ignoring Defendants' third-party complaint against Davidson and Fane. The Court must consider the civil action in its entirety in assessing whether issues in the civil case overlap with the criminal case. Because the issue in the criminal complaint and the issue in the third-party complaint concern whether Fane and Davidson caused R.D.D.'s death there is significant overlap of issues here. This factor weighs in favor of a stay.

**2. Posture of criminal proceeding**

The posture of the criminal proceeding favors a stay in discovery in this civil action. Plaintiff argues that this factor weighs against a stay because Defendants are not indicted or even under criminal investigation. "The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2008 WL 161683, at *2 (N.D. Ill. Jan. 16, 2008). Here, while Defendants are not indicted or under criminal investigation, third-party Defendants, Davidson and Fane, were indicted on December 10, 2019. Dkt. 37 at 1. The fact that they are third-party Defendants does not diminish the fact that they will be required to both defend the criminal proceedings as well as this civil proceeding. Again, the Court must consider the whole civil action and not just part of it. Accordingly, the posture of the criminal proceedings weighs in favor of a stay.

**3. Interests of Plaintiff**

The next factor, Plaintiff's interests and possible prejudice, weighs against a stay. This is Plaintiff's strongest argument against a stay. Defendants argue that there will be relatively little prejudice to Plaintiff because the "facts and damages will not be affected by the passage of time[.]" Dkt. 37 at 3. Regardless of whether the facts and damages will change as time passes, Defendants fail to weigh legitimate interests that courts have recognized. Plaintiff has a significant interest in having her case resolved and obtaining compensation if she proves she is entitled to it. *See Chagolla*, 529 F. Supp. 2d at 947. Defendants do not consider that if discovery is stayed, there is a risk that "evidence disappears and memories fade; plaintiffs' cases rarely grow stronger with delays beyond what is necessary for their adequate preparation." *Estate of Swayzer v. Armor Corr. Health Servs., Inc.*, No. 16-CV-1703, 2018 WL 1535953, at *4 (E.D. Wis. Mar. 29, 2018). Finally, Plaintiff may be prejudiced by a stay, "which would further lengthen the time in which the Plaintiff must address the traumatic events" of her son's death. *Doe*, 360 F.Supp.2d at 882. Taken together, Plaintiff's interests and possible prejudice disfavors a stay. Plaintiff also argues that Defendants' assets may not be available if there is a stay in discovery. Dkt. 45 at 7. The Court is unpersuaded by this argument because Plaintiff provides no support or evidence that Defendants' assets will vanish. *See Hollinger*, 2008 WL 161683, at *4 ("Plaintiffs also argue that prolonging discovery may lead to dissipation of assets. Yet, Plaintiff

was unable to identify a single instance of dissipation of assets."). Nevertheless, the Court finds that this factor on balance weighs against a stay in deposition discovery.

**4. Burden on Defendants**

Defendants next argue that the burden on Defendants favors a stay in discovery. Plaintiff argues that this factor weighs against a stay because the civil Defendants are not criminal defendants and are not forced to choose between invoking their Fifth Amendment right against self-incrimination, and thus potentially prejudicing their defense of the civil case, or testifying, and thus potentially prejudicing their defense of the criminal case. There are several cases where courts have stayed discovery in a civil action to avoid forcing the civil defendants, who themselves had been indicted for conduct arising from the same facts that led to the civil action, from having to make such a choice. *See, e.g.*, *Chagolla*, 529 F. Supp. 2d at 945; *Doe*, 360 F. Supp. 2d at 881; *Cruz*, 1997 WL 370194, at *4.

In this case, however, Defendants who are moving to stay discovery are not indicted or criminally investigated. Instead, it is the third-party Defendants who have been indicted. Plaintiff overlooks the fact that courts have recognized that a stay in discovery may be warranted where the civil defendants who moved to stay discovery were not indicted, but other parties were indicted. One court in this district found that the burden on the defendants weighed in favor of the unindicted third-party defendants' motion for a stay partly because other indicted third-party defendants' invocation of their Fifth Amendment rights would "confound" the unindicted third-party defendants' discovery efforts in defense of their civil action. *All Meat & Poultry*, 2003 WL 22284318, at *4; *see also Bruner Corp. v. Balogh*, 819 F. Supp. 811, 816 (E.D. Wis. 1993) (granting a stay because the unindicted defendants could not "conduct essential discovery" and could not proceed to trial without "meaningful discovery" which could not occur given the indicted defendant's invocation of his Fifth Amendment right). Both *All Meat & Poultry* and *Bruner* indicate that an unindicted defendant's motion for a stay in a civil action may be warranted if an indicted defendant's invocation of the Fifth Amendment could confound the unindicted defendant's discovery efforts or prevent the unindicted defendant from conducting meaningful discovery to adequately defend in the civil action.

Here, the Court finds that the burden on Defendants favors a stay in discovery. While Plaintiff is correct that Defendants are not criminal defendants and will not be forced to choose between invoking their Fifth Amendment rights or testifying, third-party Defendants Davidson and Fane will have to make that choice. The invocation of the Fifth Amendment by Davidson and Fane would sufficiently confound Defendant's discovery efforts or prevent them from conducting meaningful discovery. As part of their defense, Defendants contend that Davidson and Fane are liable in whole or part for R.D.D.'s death. Dkt. 54. As such, Defendants likely cannot proceed to trial without taking the depositions of Davidson and Fane. If Davidson and Fane invoke their Fifth Amendment rights, then Defendants will be prevented from conducting essential or meaningful discovery. Accordingly, the Court finds that the burden on Defendants weighs in favor of a stay.

4

### 5. Judicial Resources

Regarding judicial resources, there are both pros and cons to issuing a stay. The Court has an "interest in moving the cases on its docket to an expeditious conclusion." *Nowaczyk v. Matingas*, 146 F.R.D. 169, 175 (N.D. Ill. 1993). However, other concerns persuade this Court to stay the civil proceedings. Parallel proceedings can cause a duplication of effort. *See All Meat & Poultry*, 2003 WL 22284318, at *5. Moreover, staying the case until the completion of the criminal case may reduce the need for some discovery in the civil case. *See id.* (finding that the possibility of transcripts or other evidence from the criminal proceedings could eliminate the need for certain discovery in the civil proceeding). Weighing these considerations, the Court finds that judicial economy favors a stay in this civil case.

### 6. Public Interest

The public has an interest in the prompt disposition of civil proceedings. *See Chagolla*, 529 F. Supp. 2d at 946. That interest would be impaired with a stay. However, the public also has an interest in ensuring the criminal proceedings continue untainted by civil litigation. *See Salcedo*, 2010 WL 2721864, at *3; *Chagolla*, 529 F. Supp. 2d at 946. Defendants call this the "greatest interest[.]" Dkt. 37 at 4. This Court agrees. Given the overlap of issues, it is important to avoid any possible interference with the prosecution of Davidson and Fane. "[S]uch interference could arise if civil discovery, including sworn testimony, is elicited while the criminal charges are still pending." *Tostado v. Jackson*, No. 10-CV-1162, 2011 WL 2116396, at *3 (E.D. Wis. May 25, 2011). There is also a concern that Davidson and Fane could obtain discovery in this civil case to circumvent the more restrictive rules of criminal discovery. *See Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 939 (N.D. Ill. 2002) (citing *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)). Thus, the Court finds the public interest weighs in favor of a stay.

Plaintiff suggests an alternative proposal to stay deposition discovery as to only Davidson and Fane while allowing deposition discovery to continue with Defendants and third parties. However, this proposal does not consider the potential duplication of discovery efforts as explained above. The proposal also does not consider the public interest of ensuring that the criminal proceedings continue untainted by civil litigation. Thus, the Court does not find Plaintiff's alternative proposal to be a workable solution in this case. However, if there is evidence that is at risk of being lost or witnesses who may become unavailable, such facts should be brought to this Court's attention promptly so that the issue can be ruled upon.

### III. CONCLUSION

       After reviewing all the factors, the Court finds that special circumstances are present in this civil case that warrant a stay in deposition discovery. Accordingly, Defendants' motion to stay deposition discovery [37] is granted. A status hearing remains set for April 27, 2020 at 9:00 AM. The parties shall be prepared to inform the court on the status of written discovery.

Date: March 24, 2020          By: _____
                                                        Lisa A. Jensen
                                                        United States Magistrate Judge